**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Brian W.,
**Petitioner Below, Petitioner**

**vs.)   No. 20-0895** (Marion County 20-C-106)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Brian W. appeals the September 30, 2020, order of the Circuit Court of Marion County denying his petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is thirty-eight years old. In March of 2018, petitioner was charged in a criminal complaint with five counts of sexual abuse by a guardian after he had sexual intercourse with the eleven-year-old daughter of his former fiancée. Petitioner and the State reached a plea agreement. Petitioner agreed to be charged by information with two counts of sexual abuse by a guardian and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

to plead guilty "and accept criminal responsibility" as to those counts. Petitioner further agreed to be subjected to the sex offender registry and to supervised release following incarceration. The plea agreement provided that the period of petitioner's supervised release would be twenty-five years and that sentencing was at the circuit court's discretion.

At an August 2, 2018, plea hearing, the circuit court found that "[petitioner] was informed of his rights and that[,] by entering his pleas[,] he was waiving any and all pretrial defects with regard to his arrest, the gathering of evidence, prior confessions, and all non-jurisdictional defects[.]" The circuit court further found that petitioner's guilty pleas to two counts of sexual abuse by a guardian "were made knowingly and voluntarily and that he had no complaints with the manner in which his attorney had represented him[.]" Thereafter, the presentence investigation report included petitioner's background information, a re-offending risk assessment, and his account of the events leading to his convictions. The circuit court determined that "[petitioner] shifted blame onto the victim stating that she instigated the sexual encounter and that she was very 'sexual.'" On October 24, 2018, the circuit court imposed consecutive sentences of ten to twenty years of incarceration and a twenty-five year term of supervised release following the discharge of his sentences. Petitioner filed a motion for reduction of sentence, which the circuit court denied by an order entered on March 7, 2019. Petitioner did not file an appeal in his criminal case.

On August 17, 2020, petitioner filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel and disproportionate sentences.[2] By order entered on September 30, 2020, the circuit court found that, after reviewing the habeas petition and the record before it, both grounds of relief were without merit and that an evidentiary hearing and appointment of counsel were unnecessary. Accordingly, the circuit court denied the habeas petition.

Petitioner now appeals the circuit court's September 30, 2020, order denying the habeas petition. This Court reviews a circuit court's order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Furthermore,

---

[2]In a single sentence of petitioner's habeas petition, he further "assert[ed] those additional grounds which may become evident upon further investigation of this matter." We find that the circuit court properly declined to address unspecified grounds due to a lack of detailed factual allegations. *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) ("A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing.").

[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court erred in denying the habeas petition without a hearing and appointment of counsel. Respondent counters that the circuit court properly denied the petition. We agree with respondent and conclude that, pursuant to Syllabus Point 1 of *Perdue* and for the reasons set forth below, the circuit court committed no error in denying the habeas petition without a hearing and appointment of counsel.[3]

In arguing that trial counsel was ineffective in failing to prepare petitioner's case for trial and to retain an expert to evaluate the veracity of the victim's accusations of sexual abuse, petitioner acknowledges that he was convicted due to his guilty pleas. This Court employs a specific test for reviewing ineffective assistance claims in cases where the defendant pled guilty:

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

. . . .

[3]Petitioner asks this Court to overrule Syllabus Point 1 of *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973), arguing that the denial of the habeas petition without appointment of counsel was "unconstitutional and [statutorily] invalid." We easily dispense with petitioner's constitutional argument given that, as a matter of constitutional law, "there is no right to counsel in collateral proceedings." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Petitioner further argues that the West Virginia post-conviction habeas corpus statute, West Virginia Code §§ 53-4A-1 through 53-4A-11, and the West Virginia Public Defender Services Act, West Virginia Code §§ 29-21-1 through 29-21-21, conflict over whether appointment of counsel is required in habeas proceedings. Respondent counters that the two statutes work harmoniously rather than conflict because, while "post-conviction challenges" are "eligible proceedings" pursuant to West Virginia § 29-21-2(2), West Virginia Code § 53-4A-4(a) provides that circuit courts have discretion to appoint counsel in specific habeas proceedings. *See* W. Va. Code § 29-21-6(f) (providing that Public Defender Services represents eligible persons in habeas proceedings "upon appointment by a circuit court"). We agree with respondent that there is no conflict between the statutes and decline petitioner's invitation to overrule Syllabus Point 1 of *Perdue*.

3

In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pts. 3 and 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Here, we find that petitioner failed to allege that, but for trial counsel's purported errors, he would have insisted on going to trial. Rather, in the habeas petition, petitioner creates the false impression that he was convicted based upon a jury's verdict as he claims that "[t]he State's case rested primarily on the uncorroborated statements or testimony of the alleged victim[.]" To the contrary, petitioner's convictions rested upon his guilty pleas in a case where, pursuant to the plea agreement, he "accept[ed] criminal responsibility" as to two counts of sexual abuse by a guardian.

In Syllabus Point 2 of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), we held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas corpus*." *See State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) ("In the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."). In rejecting petitioner's ineffective assistance claim, the circuit court found, based upon the record before it, that petitioner knowingly and voluntarily entered his guilty pleas after being informed of the rights he was surrendering. Therefore, due to the lack of an allegation that petitioner would have insisted on going to trial instead of pleading guilty, we find that the circuit court properly rejected the ineffective assistance claim without a hearing and appointment of counsel.

In rejecting the claim that petitioner's consecutive sentences were unconstitutionally disproportionate to his offenses, the circuit court found that petitioner was sentenced "within . . . statutory guidelines."[4] This Court has held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

---

[4]The circuit court further found that petitioner's sentences were "appropriate given the severity of the charges" and did not "shock the conscience." We do not review these additional findings because the finding that petitioner was sentenced within statutory guidelines constitutes a sufficient basis upon which to affirm the circuit court's rejection of his disproportionate sentences claim.

4

Here, the circuit court found that petitioner made "no argument that the [trial court] relied upon an impermissible factor during sentencing, nor is there any evidence that [petitioner]'s sentence[s] [were] outside the statutory limits." Pursuant to West Virginia Code § 61-8D-5(a), a conviction for sexual abuse by a guardian carries a sentence of ten to twenty years of incarceration, which was the sentence the circuit court imposed for each of petitioner's convictions. Furthermore, the circuit court acted within its discretion in ordering that the sentences were consecutive to each other as, in Syllabus Point 4 of *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016), we held that:

> "'"[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

While petitioner alleged in the habeas petition that his sentences were unconstitutionally disproportionate to his offenses, we decline to review that claim as we have held:

> "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164] W.Va. [216], 262 S.E.2d 423 (1980).

> While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.

Syl. Pts. 3 and 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

West Virginia Code § 61-8D-5(a) sets forth the maximum sentence for each of the offenses of which petitioner was convicted, and no life recidivist sentence was imposed. Therefore, we find that our constitutional proportionality standards do not apply in this case and that the circuit court properly rejected petitioner's claim of disproportionate sentences without a hearing and appointment of counsel. Accordingly, we conclude that the circuit court properly denied the habeas petition.

For the foregoing reasons, we affirm the circuit court's September 30, 2020, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

5

**ISSUED**: September 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton